30806/PTV:nk                                              Atty. No. 35178

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, SIXTH DISTRICT

| | |
|---|---|
| LISA DAMRON, ) | |
|     Plaintiff, ) | |
| ) | No. 2016M6006169 |
| v. ) | CALENDAR/ROOM 0307 |
| ) | TIME 09:00 |
| JAGROOP SINGH GREWAL and SUNRISE ) | PT Motor Vehicle |
| FREIGHT SYSTEMS, INC., ) | Amount Claimed: More than $30,000.00 plus costs of this suit. |
|     Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff LISA DAMRON, through her attorneys, THE VRDOLYAK LAW GROUP, LLC., by PETER T. VRDOLYAK, and complaining of the Defendant JAGROOP SINGH GREWAL and SUNRISE FREIGHT SYSTEMS, INC., states as follows:

### COUNT I - JAGROOP SINGH GREWAL

1. On the 26th day of July 2014, at approximately 11:15 p.m., Defendant, JAGROOP SINGH GREWAL, was driving a vehicle will full knowledge and permission of and acting as an agent in furtherance for Co-Defendant, SUNRISE FREIGHT SYSTEMS, INC., owner of vehicle driven by JAGROOP SINGH GREWAL, southbound on I-57 at or near milepost 147.5, Mason Township, County of Effingham, and State of Illinois.

2. At said time the Plaintiff was a passenger in an automobile driven by, Steven R. Hunter, southbound on I-57 at or near milepost 147.5, Mason Township, County of Effingham, and State of Illinois.

3. At the time of the injurious occurrence hereinafter described and immediately prior thereto, Plaintiff LISA DAMRON, was in the exercise of due care and caution for her own safety and property.

4. At said time and place, Defendant JAGROOP SINGH GREWAL, had a duty to operate his vehicle in a safe manner with due regard to other vehicles on the roadway.

5. At said time and place, Defendant JAGROOP SINGH GREWAL, negligently drove his vehicle so that he collided with construction barrels causing them to be thrown into the southbound lanes causing a collision with the vehicle in which Plaintiff was a passenger in.


DEFENDANT'S EXHIBIT A

6. Then and there, the Defendant, JAGROOP SINGH GREWAL, was guilty of one or more of the following negligent acts or omissions:

- a) The Defendant failed to stop when danger to the Plaintiff was imminent;
- b) The Defendant failed to give Plaintiff a warning;
- c) The Defendant failed to keep a proper look-out;
- d) The Defendant operated and propelled his vehicle at a speed which was excessive and unreasonable;
- e) The Defendant violated 625 ILCS 5/11-601(a) when he drove his vehicle at a speed which was greater than was reasonable and proper;
- f) The Defendant violated 625 ILCS 5/102-301 when he drove his vehicle upon a highway without it being equipped with brakes adequate to control the movement of and to stop and hold such vehicle;
- g) The Defendant violated 625 ILCS 5/11-401(a) when he as a drive of a vehicle involved in a motor vehicle accident resulting in personal injury of any person failed to immediately stop such vehicle at the scene of such accident, or as close thereto as possible;
- h) The Defendant violated 625 ILCS 5/11-401(b) when he failed to stop or comply with the requirements of 625 ILCS 5/11-401(a) and for failing to report such accident within one-half hour;
- i) Pursuant to 625 ILCS 5/11-401(c) for failing to comply with 625 ILCS 5/11-401(a) Defendant shall be guilty of a Class 4 felony; and
- j) Pursuant to 625 ILCS 5/11-401(d) for failing to comply with 625 ILCS 5/11-401(b) Defendant is guilty of a Class 3 felony.

7. As a direct and proximate cause of the negligence of the Defendant, JAGROOP SINGH GREWAL, the Plaintiff, LISA DAMRON, was injured and suffered damages of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, LISA DAMRON, prays judgement against the Defendant JAGROOP SINGH GREWAL, for damages in an amount greater than Thirty Thousand ($30,000.00) Dollars plus costs of this suit.

### COUNT II - SUNRISE FREIGHT SYSTEMS, INC.

1. The Plaintiff restates and realleges each and every allegation contained in the above paragraphs as though they were fully and completely set forth herein.

2. Defendant, SUNRISE FREIGHT SYSTEMS, INC., had a duty to not allow his vehicle to be driven in an unsafe manner and without disregard to other vehicles on the roadway.

3. Then and there, the Defendant, SUNRISE FREIGHT SYSTEMS, INC., was guilty of one or more of the following negligent acts or omissions:

   a) The Defendant allowed its vehicle to be driven in such a manner as to fail to stop when danger to the Plaintiff was imminent;

   b) The Defendant allowed its vehicle to be driven in such a manner as to fail to give Plaintiff a warning;

   c) The Defendant allowed its vehicle to be driven in such a manner as to fail to keep a proper look-out;

   d) The Defendant allowed its vehicle to be operated and propelled at a speed which was excessive and unreasonable;

   e) The Defendant violated 625 ILCS 5/11-601(a) when it allowed its vehicle to be driven at a speed which was greater than was reasonable and proper;

   f) The Defendant violated 625 ILCS 5/102-301 when it allowed its vehicle to be driven upon a highway without it being equipped with brakes adequate to control the movement of and to stop and hold such vehicle;

   g) The Defendant violated 625 ILCS 5/11-401(a) when it allowed its vehicle to be involved in a motor vehicle accident resulting in personal injury of any person failed to immediately stop such vehicle at the scene of such accident, or as close thereto as possible;

   h) The Defendant violated 625 ILCS 5/11-401(b) when it allowed its vehicle to be driven in a manner as to fail stop or comply with the requirements of 625 ILCS 5/11-401(a) and for failing to report such accident within one-half hour;

   i) Pursuant to 625 ILCS 5/11-401(c) for failing to comply with 625 ILCS 5/11-401(a) Defendant shall be guilty of a Class 4 felony; and

   j) Pursuant to 625 ILCS 5/11-401(d) for failing to comply with 625 ILCS 5/11-401(b) Defendant is guilty of a Class 3 felony.

4. As a direct and proximate cause of the negligent of the Defendant, SUNRISE FREIGHT SYSTEMS, INC., the Plaintiff was injured and suffered damages of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, LISA DAMRON, prays judgement against the Defendant, SUNRISE FREIGHT SYSTEMS, INC., for damages in an amount greater than Thirty Thousand ($30,000.00) Dollars plus costs of this suit.

_____
Attorney for Plaintiff

The Vrdolyak Law Group, LLC
By: Peter T. Vrdolyak
7725 W. 159th Street
Tinley Park, IL 60477
(708)429-2332

30806/PTV:nk                                                                                          Atty. No. 35178

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, SIXTH DISTRICT

| | |
|---|---|
| LISA DAMRON, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JAGROOP SINGH GREWAL and SUNRISE )<br>FREIGHT SYSTEMS, INC., )<br>    Defendants. )<br>) | No.<br><br><br><br><br>Amount Claimed: More than $50,000.00<br>plus costs of this suit. |

### AFFIDAVIT

I, PETER T. VRDOLYAK, attorney for Plaintiff, LISA DAMRON, states that the damages sought in this matter are greater than Fifty Thousand ($50,000.00) Dollars.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

_____<br>Attorney for Plaintiff

The Vrdolyak Law Group, LLC
By: Peter T. Vrdolyak
7725 W. 159th Street
Tinley Park, IL 60477
(708)429-2332